# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TELVON M. TAYLOR, | * |
| Petitioner, | * |
| v | *     Civil Action No. RWT-09-2597 |
| CHARLES COUNTY DETENTION CENTER, ET AL., | * |
| Respondents. | * |

***

## MEMORANDUM OPINION

Petitioner filed a response to show cause why his Petition for Writ of Habeas Corpus should not be dismissed as untimely. Upon consideration of the response, and for the reasons set forth below, the Petition shall be dismissed.

Petitioner pled guilty to charges of distribution of cocaine in the Circuit Court for St. Mary's County on September 25, 1998. Paper No. 1 at p. 1. He was sentenced to serve twenty years, with all but ten years suspended. *Id*. He did not seek appellate review. Thus, Petitioner's conviction became final on October 25, 1998, after the time for filing an appeal expired.

Petitioner filed a petition for post-conviction relief in December, 2003. *Id*. In his post-conviction petition he raised a claim of ineffective assistance of counsel and was granted an "opportunity to file a belated request for reconsideration" in a decision dated June 3, 2004. *Id*. at p. 2. Petitioner did not file an appeal of the post-conviction court's decision. On June 9, 2009, Petitioner filed a Petition to Re-open Post-Conviction Proceedings which was denied on August 13, 2009. *Id*.

Here, Petitioner claims he was not advised or informed of the nature of the charge and the elements of the crime to which he pled guilty; the guilty plea was not entered into knowingly and

voluntarily; the waiver of the right to a jury trial was not knowing and voluntary; Petitioner was not advised about the maximum sentence to which he would be subjected following his guilty plea; trial, appellate and post-conviction attorneys provided ineffective assistance; and there was not a knowing and voluntary waiver of fundamental and constitutional rights. Paper No. 1. at p. 5. The instant petition was filed on October 2, 2009, more than ten years after the conviction became final.

Petitioner claims the following: recent constitutional law which was made retroactive impacts the claims raised; he recently learned that his constitutional rights were violated and is exercising due diligence; and delays are attributeable to attorney error. Paper No. 1 at pp. 2—3. In addition, he claims extraordinary circumstances beyond his control made it impossible for him to challenge his conviction in a timely manner and he is entitled to equitable estoppel. Paper No. 4. Petitioner further claims that trial, appellate and post-conviction counsel were ineffective because they did not advise him that his guilty plea was invalid. He states the delay in receiving information regarding the invalidity of his conviction was the result of ineffective assistance of counsel, entitling him to equitable tolling. Specifically he claims counsel should have reviewed the guilty plea transcript and concluded, as did he, that his conviction is invalid given the content of the guilty plea. Paper No. 4.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control

caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). Petitioner asserts that the circumstances beyond his control were his lack of legal knowledge as it pertains to the validity of his guilty plea. There is no evidence that an outside force or third party actively sought to somehow prevent Petitioner from raising the claim regarding his guilty plea. Indeed, it appears that the reason Petitioner has now determined that his guilty plea is involuntary is that he is facing collateral consequences vis-a-vis pending violation of probation and parole cases. These are not the sort of circumstances that warrant equitable tolling.

Attorney error does not constitute extraordinary circumstances. *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling). "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F. 3d at 331. The error alleged by Petitioner, that counsel did not tell him his guilty plea was invalid, is also not extraordinary circumstances warranting equitable estoppel.

Having found no basis for equitable tolling of the statute of limitations, the court will, by separate Order, dismiss the petition as untimely.[1]  In addition, because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U. S.C. § 2253(c)(2).


May 14, 2010 /s/
Date ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[1]  Petitioner states in correspondence to the court that he wishes to appeal any decision dismissing his Petition as untimely.  He is advised that a notice of appeal may not be filed in anticipation of an adverse decision and must be filed within 30 days of the date of this court's dispostivie order.